## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FIRST UNITED MORTGAGE COMPANY, INC.,**<br><br>     **Plaintiff,**<br><br>**v.**<br><br>**CHAUCER HOLDINGS PLC,**<br><br>     **Defendant.** | **Civil Action Number: 2:08-2754**<br><br><br>**OPINION**<br><br>**HON. WILLIAM J. MARTINI** |

## <u>OPINION</u>

### I.    INTRODUCTION

Plaintiff First United Mortgage Company, Inc. ("FUMC"), the insured, brought a state court action, which was subsequently removed to this Court, against its insurer, Defendant Chaucer Holdings PLC ("Chaucer"), seeking a declaratory judgment for coverage, breach of contract, and breach of the implied covenant of good faith and fair dealing. Defendant has moved for summary judgment, and Plaintiff has cross moved for summary judgment.

This matter is a straight forward coverage dispute rooted in the language of the policy agreement, and for the reasons which will be elaborated below, the Court will **GRANT** Defendant's Motion for Summary Judgment; the Court will **DENY** Plaintiff's Cross Motion for Summary Judgment; and this action will be **TERMINATED**.

### II.    FACTS AND PROCEDURAL POSTURE

Plaintiff FUMC is a New Jersey corporation, whose principal place of business is, apparently, in New Jersey. Defendant Chaucer Holdings PLC is incorporated in the United Kingdom, and its principal place of business is, apparently, in England. Plaintiff holds an insurance policy – certificate number B066446579A07 – which was provided by Mortgage Bankers/Brokers Professional Indemnity. Defendant was the lead underwriter, underwriting 35% of a one million dollar policy. Thus, the amount in dispute is over $75,000. Diversity jurisdiction is not contested.

Plaintiff has made two claims against the policy, the "Forman Action" and the "Washington Mutual Action." Compl. ¶ 4. However, in its opposition brief, Plaintiff has determined not to pursue the Washington Mutual Claim. Opp'n Br 9. The Forman Action, the remaining claim, took shape when Charles M. Forman, the Chapter 7 Trustee for New Jersey Affordable Homes Corporation ("NJAH") filed an adversarial proceeding against Joseph D. Natale (the president and chief executive officer of FUMC) and against FUMC in the United States Bankruptcy Court for the District of New Jersey on September 28, 2007. The Trustee alleges in the bankruptcy court action that FUMC and NJAH conspired to defraud NJAH's investors, where NJAH owned properties which it renovated and sought mortgage loans from FUMC. The Trustee alleges that FUMC and NJAH used inflated real estate appraisals, thereby fraudulently inducing investors to invest in NJAH properties. NJAH subsequently collapsed in 2005, when it was taken over by an SEC appointed receiver, Nicholas Politan, Esq.

After the Forman Action was filed by the Trustee, in September 2007, FUMC sent its insurer a notice of claim on October 2007. The insured's policy is a claims-made policy in which notice of claim must be made between May 10, 2006 and May 10, 2008. The claim was made during the appropriate period, however, the Defendant denied the claim, asserting a variety of defenses, including that the claim was not covered because it arises out of "wrongful acts" which took place before May 10, 2006. Defendant argues that the policy only covers claims arising out of wrongful acts which took place after May 10, 2006. After coverage was denied, this suit followed.

## III.   STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477, U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.2d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## IV.   ANALYSIS

The parties do not contest that New Jersey substantive law controls this litigation. "The interpretation of an insurance contract is a question of law for the court to determine, and can be resolved on summary judgment." *Adron, Inc. v. Home Ins. Co.*, 679 A.2d 160, 165 (N.J. Super. App. Div. 1996). "In a dispute, over insurance coverage, a plaintiff bears the initial burden of establishing that coverage exists under the policy." *Cmty. Credit Counseling Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2009 WL 900984, at *3 (D.N.J. Mar. 31, 2009) (citing *Reliance Ins. Co. v. Armstrong World Indus., Inc.*, 678 A.2d 1152 (N.J. Super. App. Div. 1996)). "Defendants ha[ve] the burden of establishing that any matter f[a]ll[s] within the exclusionary provisions of the policy ... For purposes of obtaining summary judgment, defendants' burden was to show that, factually, plaintiff had failed to meet its prima facie case ... or that as a matter of law, defendants had demonstrated the applicability of an exclusion, thereby negating coverage." *Adron*, 679 A.2d at 165.

The policy provides that "the Underwriters agree to indemnify the Insured for all sums that the Insured shall become legally obligated to pay as Damages and Defense Expenses resulting from any Claim arising out of any Wrongful Act taking place on or subsequent to the Retroactive Date [that is, May 10, 2006] ...." Ex. 2, Part I, at 10 (bold omitted). The policy defines "Wrongful Act" as "any negligent act, negligent error or negligent omission." Ex. 2, Part II(L), at 12.[1] Defendant argues that all the alleged underlying wrongful acts –

---

[1] The Court is mindful that coverage would not appear to extend to allegations connected to intentional fraud.

described in the Trustee's complaint in the Forman Action, for which FUMC seeks coverage, occurred prior to the retroactive date. Defendant is not relying on an exclusion; rather, Defendant is arguing that Plaintiff has failed to establish its prima facie case, i.e., that the allegations it puts forward are covered under the policy.

In response, Plaintiff points to language in a letter from the Trustee's attorney stating: "[i]n or about July 2006, the Trustee commenced 47 quiet title adversary proceedings against FUMC and others to resolve title and mortgage issues relating to each of the 47 properties identified in the Trustee's complaints.... If th[e] [Forman] matter is not resolved, the trustee intends to amend his complaint against FUMC to include demands related to FUMC's negligent failure to remove the mortgages of record." McKenna Decl., Ex. 2, at 1. Plaintiff's showing is not sufficient. The quiet title actions began on or about July 2006. It follows that Plaintiff's alleged negligence must have happened before that time (assuming Plaintiff's conduct was negligent, rather than wilful). The insurance agreement only extends coverage in regard to wrongful acts occurring after May 10, 2006, but Plaintiff makes no showing that any such alleged negligence occurred in the narrow window between May 2006 and July 2006. As no exception or exclusion from coverage is at issue here, and as this is part of Plaintiff's prima facie case, it would appear that the burden is on Plaintiff to make this showing. Plaintiff has not done so and so its case fails.

The Court does not reach Defendant's remaining defenses. Nor does the Court discuss Plaintiff's argument in regard to the insurance agreement's "interrelated wrongful acts" provision or lack thereof, as that argument relates primarily to these latter defenses.

## V.   CONCLUSION

For the reasons elaborated above, Defendant's Motion for Summary Judgment is **GRANTED**; Plaintiff's Cross Motion for Summary Judgment is **DENIED**; and this action is **TERMINATED**.

An appropriate order follows.

s/ William J. Martini
**DATE: August 17, 2010**                    **William J. Martini, U.S.D.J.**

4